### SYRACUSE CHILLED PLOW CO. *v.* ROBINSON *et al.*

*(Circuit Court, N. D. New York.* July 10, 1888.

1. PATENTS FOR INVENTIONS—PATENTABILITY—INVENTION—PLOWS.
   The improvement in plows for which a patent was allowed to James L. Judd, by letters patent No. 231,810, on August 31, 1880, and the object of which was to strengthen the union of parts of the plow, and save labor in grinding their edges at the joints, is not a patentable novelty, having been anticipated by the patent granted June 29, 1875, to Lewis B. White, whose specification recites: "On the wing of the frame is formed a rib, which comes directly at the junction of the share and mould-board, and fits in recesses made in their edges for that purpose,"—the two combinations performing the same functions, and the only differences being in size and shape, which, if an improvement, is one which a skilled mechanic would readily make.

2. SAME—INFRINGEMENT—PLOW POINTS.
   The Judd patent, (No. 231,810,) for improvements in plows, one specification of which is for a "combination of ribs and chamfered edges in plow castings," and plow points made under which show a clearly defined groove to fit the rib, is not infringed by a sale of plow points, in which, though having a thin edge at the joint, the slope towards the joint is hardly more perceptible than in many other plow points, especially where it appears that they will fit other plows as well as the Judd plow, and it is shown that plow points require frequent replacement.

In Equity. Action for infringement of patent.
*J. J. Greenough* and *E. C. Wright*, for complainant.
*George B. Selden*, for defendants.

COXE, J. This is an equity action for infringement, based upon letters patent No. 231,810, granted August 31, 1880, to James L. Judd, for an improvement in plows. The object of the patentee was to strenghen the union of the parts of the plow, and save labor in grinding their edges at the joints. The second claim, alone alleged to be infringed, is as follows:

"(2) The combination of the ribs, *a*, and chamfered edges, *b*, in plow-castings, substantially as and for the purposes described."

The defenses are want of novelty and non-infringement.

The patent granted to Lewis B. White, June 29, 1875, if not a complete anticipation, so limits the theater of invention, that the combination in question is devoid of all pretense of patentable novelty. In his specification White says:

"On the wing of the frame, B, is formed a rib, *m*, (Judd's rib, *a*,) which comes directly at the junction of the share and mould-board, and fits in recesses, *n*, (chamfered edges, *b*,) made in their edges for that purpose."

It also appears that White presented a claim for the combination of the rib on the standard with the share and mould-board, each being provided with corresponding recesses. This is almost the identical combination of Judd's second claim. White's claim was rejected by the examiners upon reference to prior patents, and was erased by his attorneys. It is true that differences in size and shape may be easily pointed out, but the functions performed by the Judd and White combinations are

the same. Judd accomplishes no new result, and his departure from White, in making the ribs and grooves larger, if an improvement, was one which a skilled mechanic would readily make. The idea, so far as the two men are concerned, was White's. After having conceived it, he might with perfect safety have requested Judd, as a skilled workman, to embody it in practical form, as shown in either patent. The invention, if there be one, should be credited to White. He who asserts that Judd is entitled to be considered an inventor because, without new result, he enlarged and rounded the edges of White's angular rib and corresponding recesses, is unmindful of the trend of modern decisions. It was a mere change of form, and nothing else. Other evidence was introduced upon the question of novelty, but it is unnecessary to consider it, as it is thought there is no answer to the White reference.

As to infringement. The specification and drawings describe and show a rib, *a*, not only to fit the chamfered edge of the point, but also a rib, *a*, to fit the chamfered edge of the plate on the land side of the plow. The defendants insist that the claim, being in the plural, must be construed to cover the rib and edge both on the land side and the mould-board side of the plow. As the defendants, concededly, do not use the former, it is insisted that they do not infringe. Although there is apparent force in this contention, it is unnecessary to pass upon it, for the reason that, even upon the complainant's construction, there is no infringement. Defendants have sold plow points only. This, it is alleged, makes them contributory infringers, within the doctrine of *Wallace* v. *Holmes*, 9 Blatchf. 65. But the defendant's point does not have the chamfered edge of the patent. Webster defines a chamfer to be "a small gutter or furrow; * * * a groove. A slope or bevel produced by cutting off the edge of anything originally right-angled." That the patentee so understood it is clearly demonstrated by reference to his drawings and the plows made by the complainant under the patent. These show a clearly defined groove, made to fit the rib. The point sold by the defendants has a thin edge at the point, but the slope towards the joint is hardly more perceptible than in many other plow points, and cannot, except by a very strained construction, be regarded as the chamfered edge of the patent. Again, it appears that though the defendants' point will fit the Judd plow, it will also fit the old style (1878) plow. It was also proved that all plow points wear out and require frequent replacement. It is therefore exceedingly doubtful, to say the least, whether, in any circumstances, infringement can be sustained, in view of the following authorities: *Wilson* v. *Simpson*, 9 How. 109; *Saxe* v. *Hammond*, 1 Holmes, 456; *Chaffee* v. *Belting Co.*, 22 How. 217, 223; *Snyder* v. *Bunnell*, 29 Fed. Rep. 47; *Gottfried* v. *Brewing Co.*, 8 Fed. Rep. 322. The bill should be dismissed, with costs.